## ROBERTS *v.* HASS.

### Opinion delivered November 9, 1925.

1. BAILMENT—AGREEMENT TO PAY FOR USE OF MACHINERY.—An agreement by plaintiff to pay defendant "whatever was right" for the use of defendant's boiler and engine is tantamont to an agreement to pay a reasonable price, which could be established by testimony if the parties were unable to agree, and the testimony sufficiently definite to constitute a consideration.

2. CONTRACT—INSTRUCTION—MEETING OF MINDS.—An instruction that, "to make a valid contract, there must be a meeting of the minds of the parties thereto, that is, that both parties must understand the material terms thereof," is not objectionable, as stating that the contract was complete if the parties "understood the material terms thereof," without agreeing thereto.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; affirmed.

*Norwood & Alley,* for appellant.

*Pole McPhetrige* and *Duke Frederick,* for appellee.

McCULLOCH, C. J. Appellee instituted this action against appellant to recover damages for alleged breach of a contract for the rental by appellant to appellee of an engine and boiler and an acre of land on which it stood. Appellant denied that such a contract was entered into between him and appellee, but on the trial of the cause

the jury returned a verdict in favor of appellee assessing damages in an amount not claimed to be excessive.

Appellant was the owner of a tract of land on which were located a mill-house and shed, an engine and boiler and a sawmill outfit. Appellant owned the engine and boiler, but was not the owner of the sawmill outfit. He had sold his property conditionally to one Cotton, who put in the sawmill outfit. Cotton failed to perform the terms of his contract of purchase from appellant, and the property was turned back to the latter, and Cotton sold the sawmill outfit to appellee. Appellee testified that while he was negotiating for the purchase of the sawmill outfit, appellant entered into an oral contract with him for the use of the engine and boiler in operating the mill until appellant could find a purchaser for the property, and that pursuant to this agreement he purchased the sawmill outfit and also purchased timber to use in operating the mill. Appellee testified that his agreement with appellant was that he was to pay "whatever was right" for the use of the engine and boiler. He testified that he informed appellant at the time of the agreement that he was preparing to buy a certain cut of timber, and that he did buy the timber and had it cut and hauled to the mill, when appellant broke the contract and stopped him from sawing.

The principal contention made here is that the contract was unenforceable for the reason that there was no consideration. We are of the opinion that this contention is not sound. Appellant testified that he was to pay "whatever was right" for the use of the engine and boiler and the premises on which it was located during the time that he used it, which was until appellant could find a purchaser; that appellant did not find a purchaser, but, on the contrary, stopped him from using the property after he had made his preparations for operation of the mill by hauling a quantity of timber there.

The agreement to pay "whatever was right" was tantamount to an agreement to pay a reasonable price,

which could be established by testimony if the parties were unable to agree upon the prices at settling time. The agreement to pay a reasonable price was sufficiently definite to constitute a consideration.

Error of the court is assigned in giving the following instruction:

"The jury are instructed that to make a valid contract there must be a meeting of the minds of the parties thereto; that is, that both parties must understand the material terms thereof."

This instruction is criticised on the ground that it told the jury in substance that the contract was complete if the parties "understand the material terms thereof," without telling the jury that they must also have agreed upon the material features of the contract. This criticism of the instruction is unfounded, for the court told the jury that "to make a valid contract there must be a meeting of the minds of the parties thereto."

We find no error in the proceedings, and the judgment is therefore affirmed.